451 S.E.2d 768

WEST VIRGINIA DEPARTMENT OF ADMINISTRATION, DIVISION OF PERSONNEL, and Ernie Chafin, Petitioners Below, Appellant,

v.

WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES/DIVISION OF HEALTH, and Boone County Board of Health, Respondents Below, Appellees.

No. 22169.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 1994.

Decided Nov. 18, 1994.

Joan C. Hill, Crandall, Pyles & Haviland, Charleston, for appellant Chafin.

Emily A. Mead, Asst. Atty. Gen., Charleston, for appellee WVDHHR.

Timothy R. Conaway, Madison, for appellee Boone Co. BOH.

WORKMAN, Justice:

Appellant Ernie Chafin appeals from the September 24, 1993, order of the Circuit Court of Boone County affirming the decision of the West Virginia Education and State Employees Grievance Board ("Grievance Board") against her concerning reclassification. Based on our conclusion that Appellant's employer, the Boone County Board of Health ("BCBH"), is subject to the jurisdiction of the Grievance Board, we reverse the decision of the lower court.

On March 30, 1992, Appellant filed a grievance with the Grievance Board against the BCBH and the Department of Health and Human Resources ("HHR") wherein she alleged that she was entitled to reclassification as "Nurse II" rather than "Nurse."[1] Her grievance was denied at levels I and II based upon lack of authority to provide the requested relief. Since the date scheduled for the level III hearing—May 1, 1992—was beyond the statutory time frame for such hearings pursuant to West Virginia Code §§ 29–6A–3(a), –4 (1992),[2] Appellant advanced her appeal to level IV on April 20, 1992. *See* W.Va.Code § 29–6A–3(a).

On May 8, 1992, the Grievance Board issued an order of remand, requiring a level III hearing and further finding that the West Virginia Division of Personnel was an indispensable party because of the reclassification

1. Appellant was first employed by the BCBH in June of 1980. In October of 1980 and again in 1991, she requested an upgrade to "Nurse II."

2. West Virginia Code § 29–6A–4(c) provides that a level III hearing must be held within seven

days of the appeal's receipt and West Virginia Code § 29–6A–3(a) provides that such time period is the maximum number of days provided for such level in the absence of specified exceptions.

issue. On May 20, 1992, Appellant received notice that her level III hearing was cancelled because she was not a state employee covered by the public employees grievance procedures.[3] In response to this notification, Appellant refiled her level IV appeal on May 26, 1992.

On June 1, 1992, a notice of hearing was dispatched by the Grievance Board indicating that a level IV hearing would be held on June 23, 1992. On June 15, 1992, the BCBH mailed a copy of a motion to dismiss to Appellant.[4] On June 23, 1992, Appellant appeared in person, unrepresented by counsel, for the level IV hearing. The ALJ characterized the hearing as preliminary and proceeded to address the BCBH's motion to dismiss, which was predicated on lack of jurisdiction. After hearing testimony on the motion to dismiss offered on behalf of the BCBH,[5] the Grievance Board concluded that the BCBH is not an "employer" "created by an act of the Legislature" and its employees are not "state employees" within the meaning of West Virginia Code §§ 29–6A–1 to –11 (1992). Based on this ruling, the Grievance Board ruled that it did not have jurisdiction to hear complaints filed by employees of the BCBH and accordingly dismissed Appellant's complaint. By order entered September 24, 1993, the circuit court upheld the Grievance Board's ruling.

The issue raised on appeal is whether the lower court erred in determining that employees of the BCBH are not state employees and therefore, are not covered by the grievance procedures for state employees. Appellant argues that the following evidence, offered through the testimony of the BCBH's director, Ona Howell, demonstrates that she is a state employee: (1) the BCBH adopted the state merit system (formerly civil service system); (2) the BCBH employees are covered by PEIA and public employees' retirement fund; (3) the BCBH used the job de-

scriptions prepared by the West Virginia Division of Health; and (4) the BCBH used the Division of Personnel's job audit forms. She further notes that the BCBH does not have exclusive control over her wages, hours, and working conditions and that the terms and conditions of her employment, particularly salary classification, are dictated by the Division of Personnel.

The Respondent BCBH contends that Grievance Board jurisdiction can only be established through: (1) employment by the State, as opposed to a local subdivision; and either (2) classification under the state civil service system, or (3) employment by a department, agency, board, or commission created by the legislature. According to the BCBH, Appellant does not meet this test for state employment. The BCBH contends additionally that it operates autonomously as a county governmental entity and that the public employees grievance system does not extend to employees of the state's political subdivisions.

The position of the Respondent West Virginia Department of Health and Human Resources ("HHR") turns on the fact that the BCBH adopted the merit system now administered by the Division of Personnel on August 21, 1970. Since the only body with authority to hear and redress grievances is the Grievance Board and because logic requires that a system to redress employee grievances is necessarily part of any merit system, the HHR maintains that Appellant must be covered by the public employees grievance system.

To reach its decision in this case, the Grievance Board was forced to overrule an earlier decision issued by the same administrative body which directly supports Appellant's position. In *Seddon v. West Virginia Department of Health/Kanawha–Charleston Health Department*, No. 90–H–115 (1990), the Grievance Board ruled that the Griev-

---

3. The BCBH cancelled the level III hearing after concluding that it was not subject to the jurisdiction of the Grievance Board.

4. No "notice of hearing" was attached to the motion to dismiss.

5. Appellant testified that she was not prepared to present evidence on the jurisdictional issue and also that the Division of Personnel had not been given notice of the hearing on the motion to dismiss. Regarding the issue of notice to the Division of Personnel, the BCBH disagrees and states further that they merely declined to appear.

ance Board had jurisdiction in a case involving a local health department. In *Seddon,* the Grievance Board stated:

> Answering this question requires an examination of pertinent provisions of the grievance procedure statute and the statutory provisions under which KCHD [Kanawha County Health Department] was created....
>
> The question thus presented is whether Respondent [KCHD] ... 'was created by an act of the Legislature.' The ultimate question is, of course, whether the Legislature intended the grievance procedure to apply to local health department employees....
>
> After carefully reviewing both the *W.Va. Code,* 16–2–1 *et seq.* and *W.Va.Code,* 16–2A–1 *et seq.,* which authorize the creation of local health agencies, it is concluded that the Grievance Board has jurisdiction in this case. KCHD owes its existence to state law and was created under the authority of an act of the Legislature to perform a State function.
>
> This conclusion is consistent with the intent of the Legislature to provide a grievance procedure for employees in the classified service. It was concluded in a recent Attorney General's Opinion issued on April 18, 1990, that 'local county boards of health, through the Division of Health, have adopted the West Virginia Civil Service merit system ...' and that 'county health departments ... must comply with all the rules and regulations promulgated by the State Personnel Board....' ... It would certainly be anomalous to conclude that classified employees entitled to the protections of the merit system could not invoke the grievance procedure to vindicate their rights.

6. When the civil service commission was abolished in 1989, the duties and responsibilities of that commission were transferred to the Division of Personnel. *See* W.Va.Code § 29–6–9 (1992).

7. West Virginia Code § 29–6–17(a) (1992) provides, in part, that "[s]ubject to the approval of the board, the director may enter into an agreement with the state department of health for the inclusion of personnel of local health departments under the classified service system established by this article." Pursuant to this provi-

In overruling *Seddon,* the Grievance Board merely stated as its reason, "[a]lthough the conclusion in *Seddon* may be good public policy, it is not supported by the language of Code §§ 29–6A–1, *et seq.*" Simply stated, the Grievance Board decided to interpret the definitional language concerning employer and employee differently than was done in *Seddon.* Based on its conclusion that the KCHD was not an "employer" "created by an act of the Legislature" within the meaning of West Virginia Code § 29–6A–2, the Grievance Board ignored the *stare decisis* principle which is normally accorded to prior Grievance Board decisions. *See Dailey v. Bechtel Corp.,* 157 W.Va. 1023, 207 S.E.2d 169 (1974) (discussing principle of stare decisis).

In syllabus point 2 of *AFSCME v. Civil Service Comm'n,* 181 W.Va. 8, 380 S.E.2d 43 (1989), we held,

> Under W.Va.Code, 29–6A–1, *et seq.,* it is clear that the Legislature intended to place in the Education and State Employees Grievance Board jurisdiction over matters arising from a 'misapplication or misinterpretation regarding ... hours, terms and conditions of employment.' This terminology is sufficiently broad to cover a grievance for work performed out of classification. Furthermore, *W.Va.Code, 29–6A–11, provides that '[t]his article supersedes and replaces the civil service grievance and appeal procedure currently authorized under the rules and regulations of the civil service commission.'*

*Id.* at 9, 380 S.E.2d at 44, Syl. Pt. 2, in part (emphasis supplied).[6]

The parties do not dispute that Appellant is subject to the state merit system, which was formally the civil service program.[7] All that is in dispute is whether, by

sion, sometime in the late 1960's an agreement was entered into between the Civil Service Commission and the Department of Health. Since that time, employees of local health departments have been included in the classified service which is now referred to as a merit system. Through a motion to supplement the record, Appellant has supplied this Court with documentation of an agreement signed by the director of the BCBH on August 21, 1970, reflecting acceptance of merit system standards.

virtue of that inclusion, Appellant is also subject to the Grievance Board procedures and jurisdiction. Upon examination, it appears that the *Seddon* opinion, rather than the decision issued by the Grievance Board in this case, is the better reasoned and more legally defensible position on the issue of whether employees such as Appellant are subject to Grievance Board jurisdiction.

The analysis employed in *Seddon* is basically two pronged. First, the specific definitional provisions of West Virginia Code § 29–6A–2 outlining who qualifies as an employee and an employer were examined. An employee is defined as:

> any person hired for permanent employment, either full or part-time, by any department, agency, commission or board of the state *created by an act of the Legislature,* except those persons employed by the board of regents or by any state institution of higher education, members of the department of public safety, any employees of any constitutional officer unless they are covered under the civil service system and any employees of the Legislature. The definition of 'employee' shall not include any patient or inmate employed in a state institution.

W.Va.Code § 29–6A–2(e) (emphasis supplied). An employer is simply defined as "that state department, board, commission or agency utilizing the services of the employee covered under this article." W.Va.Code § 29–6A–2(g).

■ After examining the interplay between chapters sixteen and sixteen-A of the West Virginia Code, which pertain to the establishment of local boards of health, the Grievance Board in *Seddon,* concluded that "KCHD [Kanawha County Health Department] owes its existence to state law and was created under the authority of an act of the Legislature to perform a State function." *See* W.Va.Code §§ 16–2–1 to –7, 16–2A–1 to –9 (1992). Respondent BCBH argues that because the local boards of health are not created by a specific act of the legislature, the language included in the definition of an employee subject to the Grievance Board procedures—"created by an act of the Legislature"—cannot come into play. W.Va.Code

§ 29–6A–2(e). We find this contention to be nothing more than semantical in nature. As the *Seddon* decision accurately states, county health departments are "created under the authority of an act of the Legislature to perform a State function." We do not read the subject definitional language as requiring an express piece of legislation creating each and every local health department as a prerequisite to invoking the "created by an act of the Legislature." *Id.*

The second prong of the *Seddon* analysis involved examining whether its conclusion that an employee of a county health department properly fell within the definitional language was consistent with legislative intent underlying the provision of grievance procedures for employees falling within classified service. For this part of its analysis, the Grievance Board looked to an Attorney General's Opinion issued on April 18, 1990, which concerned the entitlement of county health department employees included in the classified service to salary increases which state employees were awarded pursuant to an act of the Legislature. In concluding that the county health department employees were entitled to the same salary adjustments as state employees, the Attorney General relied upon the affiliation of the local boards of health into the classified service as well as the historical demonstration that following such affiliation all local health departments have been required to "comply with all rules and regulations of the Civil Service Commission." The opinion concluded that "county health departments that are members of the State Merit System must comply with all rules and regulations promulgated by the State Personnel Board...." 63 W.Va. Op. Att'y. Gen. 30 (April 18, 1990).

■ The rules promulgated by the State Personnel Board contain an express provision that states: "An employee hired for permanent employment may file a grievance with the Education and State Employees Grievance Board as provided for in W.V.Code, 29–6A–1 et seq." 10 W.Va.C.S.R. § 143–1–22. Those same regulations define employee as "[a]ny person who lawfully occupies a position in an agency and who is paid a wage or salary and who has not severed the

employee-employer relationship." *Id.* at § 143–3.37. Going one step further to the term "agency" reveals the following definition: "Any administrative department of state government *or a political sub-division [sic] established by law or executive order."* *Id.* at § 143–3.4 (emphasis supplied). Under these definitions, Appellant qualifies as an employee of an agency, established by law,[8] and is therefore entitled to avail herself of the grievance procedures afforded under West Virginia Code §§ 29–6A–1 to –11.

Thus, through the enactment of these regulations by the Division of Personnel, the issue which the BCBH posits has been put to rest. The position of the BCBH that the merit system was never intended to apply to employees of political subdivisions is simply not tenable in light of the combined regulatory definitions of employee and agency. *See* 10 W.Va.C.S.R. §§ 143–3.4 and 143–3.37. Accordingly, we hold that an employee of a county health department that is a member of the state merit system is subject to the grievance procedures for state employees and may accordingly file grievances pursuant to West Virginia Code §§ 29–6A–1 to –11 before the West Virginia Education and State Employees Grievance Board.

Based on the foregoing, the decision of the Circuit Court of Boone County is hereby reversed.

Reversed.

BROTHERTON, C.J., did not participate.

MILLER, Retired J., sitting by temporary assignment.

---

8. *See* W.Va.Code §§ 16–2–1 to –7, 16–2A–1 to –9.